UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:23-CV-93-CRS

PATRICK JAY WYNN                                                             PLAINTIFF

v.

KENTUCKY STATE POLICE, *et al.*                                 DEFENDANTS

**MEMORANDUM OPINION & ORDER**

On July 7, 2023, Plaintiff Patrick Jay Wynn filed this *pro se* 42 U.S.C. § 1983 prisoner civil rights action. [DN 1]. Simultaneously, Wynn petitioned the court for leave to proceed *in forma pauperis*. [DN 3]. The court granted Wynn leave. [DN 5]. This matter is now before the court on initial review of Wynn's Complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court will dismiss Wynn's Complaint in its entirety.

Because Wynn is a prisoner seeking relief against governmental entities, officers, and/or employees, the court must initially review the instant action. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Upon review, the court may dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). When screening the Complaint, the court must construe it in the light most favorable to Wynn and accept well-pleaded allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. McDonald*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Wynn sues the Kentucky State Police ("KSP") and KSP Trooper Brent Davis in his individual and official capacities for alleged violations of the "4th, 5th, 6th, and 14th amendments of the United States Constitution" and sections "1, 10, and 11 of the Kentucky Constitution." [DN 1 at 5]. Wynn's Complaint alleges that Trooper Davis stopped Wynn's vehicle for cause on November 30, 2020, but that Trooper Davis impermissibly searched the vehicle without cause thereafter. [*Id.* at 4–5]. Now, Wynn seeks $555,000 in compensatory damages and $22,000 in punitive damages from KSP and Trooper Davis, and for the court to order injunctive relief. [*Id.* at 6]. Wynn's claims, however, are time-barred.

In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Further, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that [sic] a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

According to his Complaint, the factual allegations underpinning Wynn's claims against KSP and Trooper Davis allegedly occurred on November 30, 2020. [DN 1 at 4]. Thus, Wynn should have filed his Complaint no later than November 30, 2021. "[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Wynn did not place his Complaint in the prison mailing system until July 7, 2023 — 584 days late. Thus, on the face of the Complaint, Wynn's § 1983 claims against KSP and Trooper Davis are time-barred. Accordingly, his Complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A separate Order will be entered contemporaneously with this Memorandum Opinion.

Finally, Wynn was previously ordered to pay the statutory filing fee of **$350.00** under an installment plan. [DN 5]. Although this action will be dismissed, Wynn remains obligated to pay the filing fee in full. *McGore*, 114 F.3d at 605 ("We conclude that by *filing* the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court.") (emphasis added). Accordingly, the court's prior **Order [DN 5] directing the Logan County Detention Center** to send to the Clerk of Court monthly payments from Wynn's trust account each time the amount in the account exceeds $10.00 until the statutory filing fee of $350.00 is paid in full **remains in full effect. IT IS SO ORDERED.**

December 11, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Logan County Detention Center